IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DALE KRIZAN and
DAVID-WYNN MILLER,

                                                       ORDER

           Plaintiffs,

                                                       12-cv-798-bbc

     v.

FARM CREDIT SERVICE
OF NORTH-CENTRAL WISCONSIN,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL KRIZAN, BEVERLY KRIZAN
and DAVID-WYNN MILLER,

                                                       ORDER

           Plaintiffs,

                                                       12-cv-799-bbc

     v.

FARM CREDIT SERVICE
OF NORTH-CENTRAL WISCONSIN,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL F. BOHMAN, MICHELLE L. BOHMAN
and DAVID-WYNN MILLER,

                                                       ORDER

           Plaintiffs,

                                                       12-cv-814-bbc

     v.

TAYLOR, BEAN & WHITAKER

1

MORTGAGE CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL J. FRETSCHEL,
MAZIE T. MILES-FRETSCHEL
and RUSSELL JAY GOULD,

                Plaintiffs,

    v.

M&I BANK FSB,

                Defendant.

ORDER

12-cv-821-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES L. BIX, VIRGINIA BIX,
and RUSSELL JAY GOULD,

                Plaintiffs,

    v.

ENVOY MORTGAGE, LTD.,

                Defendant.

ORDER

12-cv-822-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In two October 10, 2012 orders, I dismissed case nos. 12-cv-514-bbc, 12-cv-515-bbc, 12-cv-568-bbc and 12-cv-687-bbc because the complaints failed to allege comprehensible facts or state a cognizable claim. Each of these complaints was brought in part by Russell Jay Gould, who styled himself as a "federal judge," and each complaint included language attempting to claim a copyright in his name and that of David Wynn Miller.

Now the court has received five new complaints in the above-captioned cases. Gould has signed two of the complaints and Miller has signed three, in their stated capacity as "federal judges." They are all as unintelligible as the cases I have previously dismissed. As with the earlier cases, the plaintiffs appear to be complaining about mortgage foreclosures, but the pleadings contain no basis for a cognizable claim.

A district court must dismiss a complaint for lack of subject matter jurisdiction if the claims stated are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)(citing Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)). Because plaintiffs' complaints are unintelligible, I conclude that these cases should be dismissed on the court's own motion for lack of subject matter jurisdiction.

Moreover, this is not the first time that the court has encountered Gould and Miller's unconventional syntax and vocabulary. In United States v. Kriemelmeyer, No. 07-cr-52-bbc, 2007 WL 5479293, at *1 (W.D. Wis. July 26, 2007), I stated the following:

> Defendant is a follower of David Wynn Miller (a.k.a.: David-Wynn: Miller), the leader of a subgroup of tax protestors within the Sovereign Citizen Movement. Fundamentally, Miller and adherents of his philosophy believe that their income may not be taxed and that federal courts do not have jurisdiction over them because they are persons without citizenship, sovereign unto themselves. In most ways, the underlying beliefs of Miller and those who follow him are not distinguishable from those of other tax protesters, whose arguments have been well documented elsewhere. See, e.g., Danshera Cords, Tax Protestors and Penalties: Ensuring Perceived Fairness and Mitigating Systemic Costs, 2005 BYU L. Rev. 1515, 1537; Francis X. Sullivan, The Usurping Octopus of Jurisdictional /Authority: The Legal Theories of the Sovereign Citizen Movement, 1999 Wis. L. Rev. 785.

There is one characteristic that distinguishes Miller's group from others, however. The hallmark of David Wynn Miller and his followers is their use of an English dialect they call "In the Truth." The dialect, invented by Miller, purports to be based on mathematics and is characterized by the abundant use of prepositional phrases, the absence of action verbs (except in gerund form) and the overuse of hyphens and colons. In addition, speakers of the dialect reject the use of pronouns, adjectives and adverbs. E.g., David Wynn Miller's website, available at http://dwmlc.com/dwm/pages/category.php?category=6 (last visited July 27, 2007) (demonstrating formula for creating sentences using In the Truth); see also notations by David Wynn Miller on the back of each page of the exhibits attached to dkt. #18 (purporting to offer suggestions for translating court orders and government filings to In the Truth).

Miller's above-cited website is still operative (describing Miller as "Plenipotentiary-Judge"), so it appears that he is still in business. However, neither Miller nor Gould is actually a federal judge and it is likely that they are not licensed lawyers, so they cannot represent other persons in court. The United States District Court for the Eastern District of Wisconsin has ordered its clerk of court to return all filings presented by Miller or on his behalf. Bartell v. State of Wisconsin Corporation Counsel, No. 05-C-633, 2005 WL 1924206 (E.D. Wis. Aug 9. 2005). I conclude that a similar sanction is appropriate for this court. Accordingly, any further similarly-styled complaints filed by or on behalf of Russell Jay Gould or David Wynn Miller will be deemed dismissed after 30 days unless the court orders otherwise. E.g., Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). If any of the plaintiffs in the above-captioned cases (or any would-be client of Gould or Miller) believes that he or she has a claim that can be brought in federal court, the complaint will have to be written in plain English.

ORDER

IT IS ORDERED that

1. The above-captioned cases are DISMISSED with prejudice for lack of subject matter jurisdiction.

2. Russell Jay Gould and David Wynn Miller are sanctioned as described above.

Entered this 6th day of December, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge